**Daljit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74222.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

Jaspreet Singh, Esquire, Law Office of Jaspreet Singh, Jackson Heights, NY, for Petitioner.

Lori Warlick, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Daljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evi-

---

dence, *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and we deny the petition for review.

Singh testified that he and his family were persecuted because a politically-connected neighbor wanted Singh's family's land. Substantial evidence supports the agency's finding that Singh failed to establish his persecutors were, or will be, motivated by a protected ground. *See id.* at 1490–91; *see also Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001). Accordingly, Singh's asylum and withholding of removal claims fail. *See Molina–Morales,* 237 F.3d at 1052.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not that he will be tortured if returned to India. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

In light of our above conclusions, we do not reach Singh's challenges regarding the agency's credibility finding.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.